UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MOHAMMAD KLITI,

                Plaintiff,                      Case No.:

-against-                                **COMPLAINT**

STAY FRESH GRILL II CORP. d/b/a STAY
FRESH GRILL & DELI, RAMON
GUZMAN, ALI AHMED, and TARIQ
"DOE",

                Defendants.
---------------------------------------------------------X

Plaintiff, MOHAMMAD KLITI ("Plaintiff" or "KLITI"), by his attorneys, Sacco & Fillas LLP, complaining of Defendants STAY FRESH GRILL II CORP. d/b/a STAY FRESH GRILL & DELI, RAMON GUZMAN, ALI AHMED, and TARIQ "DOE", (Collectively, "Defendants").

**I.**    **NATURE OF THE COMPLAINT**

1. KLITI worked as a cashier for Defendant STAY FRESH GRILL II CORP. d/b/a STAY FRESH GRILL & DELI ("Stay Fresh") from approximately February of 2019 through May of 2020.

2. During his employment, KLITI regularly worked over sixty hours per week but did not receive overtime compensation for the hours he worked more than forty hours per workweek, did not receive spread-of-hours pay and was not paid at least the statutory minimum wage rate. Additionally, KLITI did not receive required wage notices or accurate wage statements with each payment of wages.

3. KLITI brings this action to recover unpaid minimum wage, overtime wages, spread-of-hours pay, statutory damages, pre- and post-judgment interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the New York Labor Law § 190, et seq. ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA").

## II. JURISDICTION

4. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## III. VENUE

5. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as Caridad Restaurant is located and operated by Defendants in the Eastern District of New York at 889 Broadway, Brooklyn, NY 11206.

## IV. PARTIES

### A. Plaintiff MOHAMMAD KLITI

6. Plaintiff MOHAMMAD KLITI resides in Queens, New York.

7. Defendants employed Plaintiff KLITI from approximately February 2019 through May 3, 2020.

### B. Defendant STAY FRESH GRILL II CORP. d/b/a STAY FRESH GRILL & DELI

8. Defendant STAY FRESH GRILL II CORP. d/b/a STAY FRESH GRILL & DELI is a New York domestic business corporation that owns, operates, and does business as Stay Fresh Grill & Deli.

9. Stay Fresh Grill & Deli is a deli located at 889 Broadway, Brooklyn, NY 11206.

10. Stay Fresh Grill & Deli is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

11. Stay Fresh Grill & Deli has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. In the three years preceding the filing of this Complaint, Stay Fresh Grill & Deli has had an annual gross volume of sales in excess of $500,000.00.

### C. Defendant RAMON GUZMAN

13. Upon information and belief, Defendant RAMON GUZMAN ("GUZMAN") is a partner of Stay Fresh.

14. Upon information and belief, Defendant GUZMAN is a principal of Stay Fresh.

15. Defendant GUZMAN exercised operational control over Stay Fresh.

16. Throughout Plaintiff's employment, Defendant GUZMAN supervised the work Plaintiff performed and that of all other employees.

17. Throughout Plaintiff's employment, Defendant GUZMAN managed Plaintiff's work.

18. Defendant GUZMAN participated in hiring Plaintiff.

19. Defendant GUZMAN participated in paying Plaintiff.

20. Defendant GUZMAN had authority to terminate Plaintiff.

21. Defendant GUZMAN participated in setting Plaintiff's work schedules.

22. Defendant GUZMAN participated in supervising Plaintiff.

23. Throughout Plaintiff's employment, upon information and belief, Defendant GUZMAN, participated in determining Plaintiff's rate of pay throughout his employment.

24. Defendant GUZMAN exercised sufficient control over Stay Fresh's operations to be considered Plaintiff's employer under the FLSA and the NYLL.

### D. Defendant ALI AHMED

25. Upon information and belief, Defendant ALI AHMED ("AHMED") is a partner of Stay Fresh.

26. Upon information and belief, Defendant AHMED is a principal of Stay Fresh.

3

27. Defendant AHMED exercised operational control over Stay Fresh.

28. Throughout Plaintiff's employment, Defendant AHMED supervised the work Plaintiff performed and that of all other employees.

29. Throughout Plaintiff's employment, Defendant AHMED managed Plaintiff's work.

30. Defendant AHMED participated in hiring Plaintiff.

31. Defendant AHMED participated in paying Plaintiff.

32. Defendant AHMED had authority to terminate Plaintiff.

33. Defendant AHMED participated in setting Plaintiff's work schedules.

34. Defendant AHMED participated in supervising Plaintiff.

35. Throughout Plaintiff's employment, upon information and belief, Defendant AHMED, participated in determining Plaintiff's rate of pay throughout his employment.

36. Defendant AHMED exercised sufficient control over Stay Fresh's operations to be considered Plaintiff's employer under the FLSA and the NYLL.

### E. Defendant TARIQ "DOE"

37. Defendant TARIQ "DOE" ("TARIQ") is a manager of Stay Fresh..

38. Upon information and belief, Defendant TARIQ exercised operational control over Stay Fresh.

39. Throughout Plaintiff's employment, Defendant TARIQ supervised the work Plaintiff performed and that of all other employees.

40. Throughout Plaintiff's employment, Defendant TARIQ managed Plaintiff's work.

41. Defendant TARIQ participated in hiring Plaintiff.

42. Defendant TARIQ participated in paying Plaintiff.

43. Defendant TARIQ had authority to terminate Plaintiff.

44. Defendant TARIQ participated in setting Plaintiff's work schedules.

45. Defendant TARIQ participated in supervising Plaintiff.

46. Throughout Plaintiff's employment, upon information and belief, Defendant TARIQ, participated in determining Plaintiff's rate of pay throughout his employment.

47. Defendant TARIQ exercised sufficient control over Stay Fresh's operations to be considered Plaintiff's employer under the FLSA and the NYLL.

## V. FACTUAL ALLEGATIONS

48. Throughout his employment, Plaintiff worked in several functions including working the cash register, opening and closing the store, and stocking shelves for Defendants.

49. From February 24, 2019 until September 2, 2019, and then again from January 2, 2020 through May 3, 2020, Plaintiff regularly worked six days per week, twelve hours per day, from 8:00 AM until 8:00 PM. Approximately two times per month, Plaintiff would work a double shift, which consisted of a twenty-four hour shift.  In total, Plaintiff would work seventy-two (72) hours per week. On the weeks where he worked a double shift, Plaintiff would work eighty-four (84) hours per week.

50. Defendants did not keep records regarding time that Plaintiff worked.

51. Plaintiff was paid $13 per hour, including hours over 40 hours per week.

52. Plaintiff was paid only in cash.

53. Plaintiff was paid at a straight-time rate for all hours worked, including hours worked over forty per workweek.  Plaintiff was not paid an overtime premium calculated at one and one-half (1 ½) times the full minimum wage, for hours worked over forty.

54. Plaintiff was not paid spread-of-hours pay, an extra hour of wages at the full minimum wage rate, on days that their shifts exceeded ten hours, as required by the NYLL.

55. Defendants have not furnished Plaintiff with wage statements with each payment of wages as required by the NYLL.

56. Defendants have not furnished Plaintiff with wage notices with as required by the NYLL.

## VI. FIRST CLAIM – New York Labor Law – Unpaid Minimum Wages

57. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

58. The NYLL requires that employers pay employees a minimum wage for the first forty hours worked in a workweek.

59. Defendants are employers of Plaintiff and other employees within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") Regulations.

60. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants.

61. Defendants failed to pay Plaintiff the minimum wages to which he was entitled to under the NYLL and its supporting regulations.

62. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff the correct minimum hourly wage.

63. As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid minimum wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

## VII. SECOND CLAIM – Fair Labor Standards Act – Unpaid Minimum Wage

64. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

65. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

66. Defendants were required to pay to Plaintiff the applicable federal minimum wage rate.

67. Defendants failed to pay Plaintiff the minimum wages to which he is entitled under the FLSA.

68. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

69. As a result of defendants' willful violations of the FLSA, Plaintiff suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

70.

## VIII. THIRD CLAIM - Fair Labor Standards Act - Unpaid Overtime Wages

71. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

72. Defendants were required to pay Plaintiff one and one-half (1 ½) times their regular wage rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

73. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff.

74. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

75. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff the proper overtime wage rate.

76. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## IX. FOURTH CLAIM - New York Labor Law - Unpaid Overtime Wages

77. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

78. Under New York State Department of Labor ("NYDOL") regulations, including 12 N.Y.C.R.R. § 146-1.4, Defendants were required to pay Plaintiff one and one-half (1 ½) times his regular rate of pay, which shall not be less than the minimum wage rate, for all hours worked in excess of forty per workweek.

79. Defendants failed to pay Plaintiff the overtime wages to which he was entitled to under the NYLL and its supporting regulations.

80. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff overtime wages.

81. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre-judgment and post-judgment interest.

## X. FIFTH CLAIM - New York Labor Law - Unpaid Spread-of-Hours Pay

82. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

83. Defendants willfully failed to pay Plaintiff additional compensation of one hour of pay at the basic minimum hourly wage rate for each day during which his shifts spread over more than ten hours.

84. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. § 146-1.6.

85. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statue, reasonable attorneys' fees and pre- and post-judgment interest, and liquidated damages.

## XI. SIXTH CLAIM - NYLL Wage Theft Prevention Act - Failure to Provide Wage Statements

86. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

87. The NYLL and the WTPA require employers to provide employees with an accurate wage statement each time they are paid.

88. Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff without providing them a wage statement at the end of every pay period accurately listing, inter alia, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

89. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover statutory damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 198(1-d).

## XII. SEVENTH CLAIM - NYLL Wage Theft Prevention Act - Failure to Provide Wage Notices

90. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

91. The NYLL and the WTPA, as well as the NYLL's interpretive regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

92. Defendants failed to furnish Plaintiff at the time of hiring, or whenever his rate of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage including tip, meal, or lodging allowances; the regular payday designated by

the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

93. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover statutory damages, reasonable attorneys' fees, and costs of the action, pursuant to the NYLL § 198(1-b).

## XIII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendants have violated the minimum wage and overtime wage provisions of the FLSA, the NYLL, and the NYDOL regulations;

b. declaring that Defendants violated the spread-of-hours pay provision of the NYLL and NYDOL Regulations;

c. declaring that Defendants violated the wage notice and wage statement provisions of the NYLL and WTPA;

d. declaring that Defendants' violations of the FLSA and the NYLL were willful;

e. awarding Plaintiff damages for unpaid minimum wages;

f. awarding Plaintiff damages for unpaid overtime wages;

g. awarding Plaintiff unpaid spread-of-hours pay;

h. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish him with wage notices and accurate wage statements pursuant to the NYLL and WTPA;

i. awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due pursuant to the FLSA;

j. awarding Plaintiff pre-judgment and post-judgment interest under the NYLL;

  k. awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

  l. awarding such other and further relief as the Court deems just and proper.

## XIV. <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, MOHAMMAD KLITI, demands a trial by jury in this action.

Dated: Astoria, New York  
   November 9, 2021

Respectfully submitted,

By:  <u>/s/ *Patricia R. Lynch*</u>  
  Patricia R. Lynch, Esq.  
  Sacco & Fillas LLP  
  3119 Newtown Ave, Seventh Floor,  
  Astoria, NY 11102  
  PLynch@SaccoFillas.com  
  Ph: 718-269-2240